STEFANI E. SHANBERG (State Bar No. 206717)
ROBIN L. BREWER (State Bar No. 253686)
EUGENE MARDER (State Bar No. 275762)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California  94105
Telephone:  (415) 947-2000
Facsimile:   (415) 947-2099
E-Mail:       sshanberg@wsgr.com
                    rbrewer@wsgr.com
                    emarder@wsgr.com

RYAN R. SMITH (State Bar No. 229323)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811
E-Mail:       rsmith@wsgr.com

Attorneys for Plaintiff
SQUARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SQUARE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROTEGRITY CORPORATION, a Cayman Islands corporation, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT – DECLARATORY JUDGMENT

Square, Inc. ("Square") hereby alleges for its complaint against defendant Protegrity Corporation ("Protegrity"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## NATURE OF THIS ACTION

1. This is an action for declaratory judgment of noninfringement of two United States patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

## THE PARTIES

2. Plaintiff Square is a privately held Delaware corporation, with its principal place of business at 1455 Market Street, Suite 600, San Francisco, California 94103, in this judicial district. Square is a leader in e-commerce, offering comprehensive services that allow any merchant to accept multiple forms of payment and manage a full point of sale and online business.

3. On information and belief, Defendant Protegrity is a Cayman Islands Corporation with a mailing address at P.O. Box 309, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands KY1-1104.

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action to be assigned on a district-wide basis.

## BACKGROUND

5. United States Patent No. 6,321,201 (the "'201 patent") is entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on Data Element Value Level." The '201 patent states that it issued on November 20, 2001. A true and correct copy of the '201 patent is attached as Exhibit A.

6. United States Patent No. 8,402,281 (the "'281 patent") is entitled "Data Security System for a Database." The '281 patent states that it issued on March 19, 2013. A true and correct copy of the '281 patent is attached as Exhibit B.

/ / /

COMPLAINT – DECLARATORY JUDGMENT - 1 -

1      7. On June 6, 2014, counsel for Protegrity, Woodrow H. Pollack, wrote to Square CEO Jack Dorsey, claiming that his law firm has "reviewed many technical aspects of Square's Square Market and believe[s] that this system infringes the '201 and '281 Patents." A true and correct copy of Protegrity's June 6, 2014, letter is attached as Exhibit C.

8. On July 17, 2014, Mr. Pollack sent a follow-up letter to Square. In the letter, Mr. Pollack demanded that Square produce technical materials requested in the June 6, 2014, letter within ten (10) days or he would "be left with no choice but to believe that [Square is] unwilling to resolve this matter short of litigation and will be forced to advise my client to proceed accordingly in filing a lawsuit and using discovery to obtain the requested materials." A true and correct copy of Protegrity's July 17, 2014, letter is attached as Exhibit D. Square did not produce the sensitive technical materials requested by Protegrity.

9. Protegrity has filed at least twenty-one (21) lawsuits in District Court for the District of Connecticut for alleged patent infringement since 2008. Recently, Protegrity has become even more focused on litigation, having filed nineteen (19) patent cases since 2013. On information and belief, Protegrity accused all but one of the defendants in those cases of infringing the '201 and/or '281 patents. On information and belief, at least ten (10) of Protegrity's lawsuits are currently pending, including two in the Northern District of California. Protegrity's most recent lawsuit, *Protegrity Corp., et al. v. Corduro, Inc.*, Case No. 3:14-cv-01076, was filed on today's date in the District of Connecticut.

## **SUBJECT MATTER JURISDICTION AND VENUE**

10. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

11. Square and its products have not infringed, either directly or indirectly, any claim of the '201 or '281 patents, and thus Square has a right to continue providing products and services without interference from Protegrity's '201 or '281 patents. In view of Protegrity's repeated and express allegations of infringement against Square and threats to file suit against

/ / /

1  Square, a substantial controversy exists between the parties which is of sufficient immediacy and
2  reality to warrant declaratory relief.

3      12.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

4  **PERSONAL JURISDICTION**

5      13.     This Court has personal jurisdiction over Defendant Protegrity.

6      14.     Protegrity has undertaken significant patent enforcement activities within the
7  Northern District of California.

8      15.     On information and belief, Protegrity is currently litigating two patent lawsuits in
9  the Northern District of California related to the '201 and '281 patents: *Skyhigh Networks,*
10 *Inc. v. Protegrity Corp.*, No. 3:14-cv-03151; and *Protegrity Corp. v. Informatica Corp.*,
11 No. 3:14-cv-02588.

12     16.     On information and belief, Protegrity has licensed the '201 and '281 patents to at
13 least three (3) entities that, at the time of the licenses, were headquartered in the Northern
14 District of California: Voltage Security, Inc., Ciphercloud, Inc., and Ingrian Networks, Inc.
15 (since acquired by SafeNet, Inc.).

16     17.     On information and belief, Protegrity retained Robert R. Sachs at Fenwick &
17 West as patent counsel in the Northern District of California to prosecute the '281 patent before
18 the United States Patent and Trademark Office ("USPTO").

19     18.     On information and belief, Ulf Mattsson, who has actively participated in several
20 of Protegrity's previous patent infringement lawsuits, has attended several industry conferences
21 in the Northern District of California. Specifically, on information and belief, Mr. Mattsson
22 attended the RSA conference in San Francisco, California, in at least 2011, if not other years
23 since. Attached as Exhibit E is a true and correct copy of Mr. Mattson's blog dated February 28,
24 2011, discussing his attendance at the RSA conference. On information and belief, Protegrity
25 sued companies attending the RSA conference for patent infringement. On information and
26 belief, Mr. Mattsson has made similar trips to Northern California as well.

27 / / /
28 / / /

COMPLAINT – DECLARATORY JUDGMENT     - 3 -

19. On information and belief, Protegrity has sent letters alleging infringement of the '201 and '281 patents to multiple other companies located within the Northern District of California.

20. On information and belief, Protegrity has entered into licensing discussions regarding the '201 and '281 patents within the Northern District of California.

21. On information and belief, Protegrity has sued at least five (5) companies headquartered in the Northern District of California, alleging infringement of the '201 and '281 patents.

22. Protegrity is also subject to personal jurisdiction in this judicial district pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Defendant is a Cayman Islands corporation, and is not subject to jurisdiction in any state's courts of general jurisdiction. Exercising jurisdiction over Defendant in this case is consistent with the United States Constitution and laws.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 6,321,201)**

23. Square repeats and realleges each and every allegation set forth above in paragraphs 1 through 22, inclusive, and incorporates them by reference herein.

24. The accused Square products, including, without limitation, Square's Square Market product referenced in Protegrity's letter, have not infringed and do not infringe, directly or indirectly, any claim of the '201 patent, either literally or under the doctrine of equivalents. Accordingly, Square has a right to continue providing products and services without interference from Protegrity's '201 patent.

25. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Square and Protegrity. Square desires a prompt and definitive judicial determination and declaration that its products do not infringe any claim of the '201 patent. Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

/ / /

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,402,281)

26. Square repeats and realleges each and every allegation set forth above in paragraphs 1 through 25, inclusive, and incorporates them by reference herein.

27. The accused Square products, including, without limitation, Square's Square Market product referenced in Protegrity's letter, have not infringed and do not infringe, directly or indirectly, any claim of the '281 patent, either literally or under the doctrine of equivalents. Accordingly, Square has a right to continue providing products and services without interference from Protegrity's '281 patent.

28. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Square and Protegrity. Square desires a prompt and definitive judicial determination and declaration that its products do not infringe any claim of the '281 patent. Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Square requests entry of judgment in its favor and against defendant Protegrity as follows:

(a) Declaring that Square has not infringed, induced others to infringe, or contributed to the infringement of any claim of the '201 and '281 patents, either directly or indirectly, either literally or under the doctrine of equivalents;

(b) Enjoining Protegrity, its officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from making any claims that Square's products or services infringe the '201 and '281 patents;

(c) Enjoining Protegrity, its officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from enforcing the '201 and '281 patents against Square;

/ / /

1      (d)    Awarding Square its costs of suit, including reasonable attorneys' fees; and

2      (e)    Granting such other and further relief as the Court may deem just and proper.

4  Dated: July 28, 2014                                 WILSON SONSINI GOODRICH & ROSATI
                                                              Professional Corporation

By:      /s/ *Stefani E. Shanberg*
              Stefani E. Shanberg

Attorneys for Plaintiff
SQUARE, INC.

COMPLAINT – DECLARATORY JUDGMENT      - 6 -

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6(a), Square hereby demands a jury trial of all issues triable by a jury.

Dated: July 28, 2014

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/s/ *Stefani E. Shanberg*_____
        Stefani E. Shanberg

Attorneys for Plaintiff
SQUARE, INC.

COMPLAINT – DECLARATORY JUDGMENT    - 7 -